(No. 85-CV-045)

*In re* APPLICATION OF MALAKEH E. MuFARREH.

*Opinion filed January 14, 1985.*

MALAKEH E. MuFARREH, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (HANS G. FLADUNG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 12, 1984. Malakeh E. MuFarreh, wife of the deceased victim, Essam N. MuFarreh, seeks compensation pursuant to the provisions of the Crime Victims

Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on November 1, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Essam N. MuFarreh, age 30, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: voluntary manslaughter. Ill. Rev. Stat. 1979, ch. 38, par. 9—2.

2. That on July 12, 1984, the victim was stabbed by the offender when he requested that the offender leave his establishment. The incident occurred in a tavern operated by the victim at 5001 North Broadway, Chicago, Illinois. After the offender and his brother created a disturbance in the tavern, the victim asked them to leave. During an ensuing scuffle, the offender stabbed the victim several times. The victim was taken to Weiss Hospital for treatment and expired shortly after arrival. The offender was apprehended and is presently being prosecuted for voluntary manslaughter.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and her minor children, Ramme MuFarreh, age 4, and Ghassan MuFarreh, 4 months of age.

4. That the Claimant incurred funeral and burial expenses in the amount of $3,445.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00.

5. That the Claimant, Malakeh MuFarreh, and her minor children, Ramme and Ghassan MuFarreh, were totally dependent upon the victim for support.

6. That prior to his death, the victim was self-employed and his average monthly earnings were $650.00.

7. That section 2(h) of the Act states "* * * loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

8. That the victim was 30 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States,* 1978, Life Tables, volume II, his life expectancy would have been 75.7 years. The projected loss of support for 45.7 years is $356,460.00, which is in excess of $15,000.00 which is the maximum amount compensable under section 10.1(f) of the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to depend-

ents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

11. That the Claimant has received $100,000.00 in reimbursements from a life insurance policy as a result of the victim's death, $75,000.00 of which can be counted as an applicable deduction under section 7.1(7) of the Act.

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of $15,000.00 maximum allowed in section 10.1(f) of the Act.

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Malakeh E. MuFarreh, wife of Essam N. MuFarreh, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $2,000.00 (two thousand dollars) to be paid to Malakeh E. MuFarreh in a lump sum;

(b) twenty (20) equal monthly payments of $650.00 (six hundred fifty dollars) each to be paid to Malakeh E. MuFarreh for the use and benefit of herself and minor children, Ramme and Ghassan MuFarreh;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such

death or marriage for the purpose of the possible modification of the award.